**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DUSTIN R. COREY,**

**Plaintiff,**

**v.**

**C.J. EASTER,**
**M. CAIN,**
**G. MILLER,**
**NATHAN BURNETT,**
**LT. J. ANTHIS,**
**CAPT. MARIE HALL,**
**LT. URASKY,**
**RN GERI POOLE,**
**ABIGAIL DINN,**
**DANIEL COCKRUM,**
**FRANKLIN COUNTY, ILLINOIS,**
**FRANKLIN COUNTY BOARD OF COMMISSIONERS, and**
**UNKNOWN OFFICERS AND AGENTS,**

**Defendants.**

**Case No. 25-cv-02162-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Dustin Corey initiated this case while in custody at the Franklin County Jail pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The First Amended Complaint (Doc. 21) is now before the Court for screening of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id.*

## THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on October 30, 2025, Officers Easter, Cain, Miller, Burnett, and Anthis entered and conducted a search of his home, located at 408 E. Church Street, Benton, Illinois.

(Doc. 21, p. 4). According to Plaintiff, the officers did not have a warrant, and he did not consent to the search. (*Id.*). Plaintiff states that the officers did not find anything illegal or evidence of criminal activity during the search. (*Id.* at p. 5).

Plaintiff claims that on December 9, 2025, he was arrested at his place of work and placed in a police vehicle. (Doc. 21, p. 4, 5). After being held in the police vehicle for over five and half hours, he was eventually transported to Franklin County Jail and charged for "delivery/possession with intent to deliver methamphetamine and passion of methamphetamine (100 to 400 grams)." (*Id.* at p. 5).

At the time Plaintiff was taken to the Franklin County Jail, he had been an active user of fentanyl for over a year. (Doc. 21, p. 5). Plaintiff states that after his arrival at the jail, he began to experience severe withdrawal symptoms. (*Id.*). He claims that the medical staff at the jail, including RN Geri Poole, were informed of his drug dependency and withdrawal status during the intake process, but Poole and staff failed to provide appropriate or effective medical intervention. (*Id.* at p. 6). He states that the initial withdrawal medications administered to him were completely ineffective, and he endured two weeks of torturous withdrawal symptoms, including vomiting, muscle tremors, debilitating cramping, and dehydration. (*Id.*).

From December 9, 2025, through January 2026, Plaintiff repeatedly submitted written medical requests and electronic grievances. (Doc. 21, p. 6). In the medical requests and grievances, Plaintiff states that he described his symptoms and "begged" to be placed on an effective clinically standard medical maintenance protocol, specifically Suboxone or Subutex tablets. (*Id.*). Poole, however, refused to provide Plaintiff Subutex or any adequate medical alternative. (*Id.*). Plaintiff claims that Poole told him she would not provide the requested medication. (*Id.*).

At same time Plaintiff was suffering from withdrawal symptoms, he alleges that he suffered from other health issues. First, he has high blood pressure that was not properly treated until

January 9, 2026, when blood pressure medication was finally ordered. (Doc. 21, p. 6). Second, Plaintiff suffers from severe back, shoulder, and hip damage. (*Id.*). Plaintiff states that he filed electronic grievances notifying staff that sleeping on the steel framed bed with only a single mattress was causing severe hip and joint inflammation, making sleep impossible. (*Id.*). He alleges that Captain Marie Hall and Lieutenant Urasky ignored his requests for a second mattress. (*Id.*).

On January 28, 2026, Plaintiff claims that Sergeant Kenneth Jacobs, Captain Marie Hall, Officer Boomer, and Officer Jackson conducted a shakedown of his housing unit. (Doc. 21, p. 7). Although he was on the medical list to possess an extra blanket, Hall and Jacobs confiscated the blanket because Plaintiff had rolled and tied the blanket inside a shirt to serve as a pillow to relieve his severe spinal pain. (*Id.*). Plaintiff states he had to have a medical visit to have the blanket returned and was charged $10 for the visit. (*Id.*).

Plaintiff further alleges that while he was at the Franklin County Jail, the meals provided were severely calorie deficient. (Doc. 21, p. 7). He states he filed an electronic grievance directed to Lieutenant Marie Johnson and the jail dietician complaining about the food portions and reporting that he was experiencing rapid weight loss and nutritional deprivations. (*Id.*).

Plaintiff states that he was released from jail on January 29, 2026. (Doc. 21, p. 7).

## Preliminary Dismissals

Plaintiff asserts that the constitutional deprivations described in the First Amended Complaint were the direct result of unconstitutional official policies, practices, and customs maintained, tolerated, and enforced by Defendants Franklin County and the Franklin County Board of Commissioners. These policies and customs include:

> (a) a systemic failure to adequately train and supervise law-enforcement officers regarding the absolute necessity of search warrants, consent, and probable cause; (b) a widespread practice of maintaining constitutionally deficient inmate medical protocols that deny access to standard addiction-maintenance therapy; (c) a custom of utilizing punitive medical service fees to

> discourage pretrial detainees from seeking necessary healthcare; and (d) a practice of providing substandard calorie- deficient nutrition below established federal minimums.

(Doc. 21, p. 7). Plaintiff further asserts that Jail Administrator Captain Marie Hall knew of these deficiencies yet failed to take corrective action. (*Id.* at p. 8).

These allegations brought under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) fail to state a claim for several reasons. First, the Franklin County Board of Commissioners is not an entity with a legal capacity to be sued and so any constitutional claims brought against the Franklin County Board of Commissioners are dismissed. *See Haney v. Winnebago Cnty. Brd.,* No. *Haney v. Winnebago Cnty. Bd.*, No. 3:19-CV-50191, 2020 WL 1288881, at *4 (N.D. Ill. Mar. 18, 2020) (collecting cases).

Second, as suing Jail Administrator Captain Marie Hall in her official capacity is "redundant when the municipality is also named as a defendant," *Union Pac. R. Co. v. Vill. of S. Barrington*, 958 F. Supp. 1285, 1291 (N.D. Ill. 1997), any claims against Hall in her official capacity for any unconstitutional practices or policies are also dismissed.

With Franklin County Board of Commissioners and Hall dismissed, Franklin County is the only defendant left for the purposes of Plaintiff's *Monell* claim. Plaintiff's statement that the constitutional deprivations were the result of official policies, practices, and customs is not, however, supported by any facts in the First Amended Complaint. There is nothing from which the Court can plausibly infer that officers searched Plaintiff's house without a warrant or consent because they were not properly trained or that Plaintiff was denied addiction-maintenance therapy and nutritionally adequate meals as part of a larger jail-wide practice. Plaintiff may not simply "add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the claims made." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). He must allege "some fact indicating the existence of some such [policies]," which he has

failed do. *Id.* Accordingly, any constitutional claims brought against Franklin County are dismissed without prejudice as inadequately pled. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

The Court also dismisses any claims brought against Unknown Officers and Agents. While Plaintiff may use "John Doe" or "Jane Doe" or other designation to refer to parties whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against that individual. He does not describe the unknown defendants or identify particular acts or omissions by any specific individual within this group, who allegedly violated his constitutional rights. Thus, Unknown Officers and Agents are dismissed without prejudice. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement).

Plaintiff brings a conspiracy claim against the ten "individual Defendants," which is dismissed. (Doc. 21, p. 11). His allegation that they acted in coordination to fabricate a criminal case, cover up a warrantless home search, and systematically deny basic rights and medical treatment is conclusory and not sufficient to state a claim. *See McCauley*, 671 F.3d at 616 ("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [a] presumption of truth"). He does not describe any conduct on the part of the individual Defendants from which the Court could plausibly infer that they reached an agreement and committed overt acts in concert with one another.

And finally, the Court dismisses Plaintiff's claim against Hall, Urasky, and Miller brought under the theory of supervisory liability. (Doc. 21, p. 12). The doctrine of respondeat superior does not apply to actions filed under Section 1983, and therefore, Defendants cannot be held liable solely for the errors of their subordinates or based on their supervisory positions. *Sanville v.*

*McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference exists only if the defendant actually "knows of and disregards an excessive risk to inmate health or safety").

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following count:

**Count 1:** Fourth Amendment claim against Easter, Cain, Miller, Burnett, and Anthis for the unlawful search of Plaintiff's home on or around October 30, 2025.

**Count 2:** Fourth Amendment claim against East, Cain, Miller, Burnett, and Anthis for unlawful seizure.

**Count 3:** Fourth Amendment claim against Easter, Cain, Miller, Burnett, and Anthis for false arrest.

**Count 4:** Fourteenth Amendment claim against Dinn and Cockrum for malicious prosecution.

**Count 5:** Fourteenth Amendment claim against Poole, Hall, and Urasky for failing to provide constitutionally adequate medical care for Plaintiff's substance abuse withdrawal.

**Count 6:** Fourteenth Amendment claim against Poole, Hall, and Urasky for failing to provide constitutionally adequate medical care for Plaintiff's high blood pressure.

**Count 7:** Fourteenth Amendment claim against Poole, Hall, and Urasky for failing to properly treat Plaintiff's back, shoulder, and hip conditions and associated pain by denying Plaintiff a second mattress and confiscating his medically authorized blanket.

**Count 8:** Fourteenth Amendment claim for subjecting Plaintiff to unconstitutional conditions of confinement by denying Plaintiff an adequate amount of food.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Complaint but not addressed in this Order should be considered dismissed without**

**prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

***Severance***

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (emphasis added); 3A MOORE'S FEDERAL PRACTICE § 20.06, at 2036–45 (2d ed. 1978).

Here, Plaintiff's claims are improperly joined. The claims fall into two distinct groups: (1) Counts 1 through 4 arising from the alleged unlawful search of his house, arrest, and related prosecution; and (2) Counts 5 through 8 pertain to alleged constitutional deprivations that occurred while he was detained at the Franklin County Jail. These two groups of claims involve different defendants and separate transactions or occurrences. Therefore, the Court will exercise its discretion and sever Counts 5 through 8 into a separate suit. *See* FED. R. CIV. P. 18, 20, and 21. *See also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Counts 1 through 4 will remain in this action, and the merits of these claims will be reviewed in this Order.

***Merit Review of Counts 1-4***

**Count 1**

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend IV. The Constitution draws a firm line at the entrance to the house. *Payton v. New York,*

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

445 U.S. 573, 590 (1980). Warrantless searches and seizures inside a home are presumptively unreasonable. *Cannon v. Filip*, 163 F.4th 430, 436 (7th Cir. 2025) (citing *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006)). Absent exigent circumstances, an officer cannot reasonably cross the threshold without a warrant. *Id.*

At the pleading stage, Plaintiff's allegations that on or around October 30, 2025, Defendants Easter, Cain, Miller, Burnett, and Anthis enter his home without consent, a warrant, or the existence of exigent circumstances and conducted a search are sufficient to state a claim. (Doc. 21, p. 4). Count 1 will proceed against Easter, Cain, Miller, Burnett, and Anthis.

**Counts 2 and 3**

Plaintiff claims that on December 9, 2025, Easter, Burnett, Cain, Miller, and Anthis detained him in a police car for several hours without probable cause, and then, without probable cause or a warrant, the officers formally arrested him and took him to the Franklin County Jail. (Doc. 21, p. 5).

In the First Amended Complaint, Plaintiff labels his claims as "unlawful seizure" for the time spent in the police vehicle and "false arrest" for when he was formally arrested and subjected to jail "booking procedures," the Court, however, sees no reason for the distinction. Based on the facts, Plaintiff was not free to leave and "was completely restricted in movement" when he was placed in the police vehicle for over five hours, and so, he was subjected to a Fourth Amendment arrest at that time, which required probable cause. (Doc. 21, p. 5). *See Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 719 (7th Cir. 2013) ("a seizure rises to the level of an arrest when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest."); *Hamilton v. Vill. of Oak Lawn, Ill.*, 735 F.3d 967, 970 (7th Cir. 2013) ("Detaining a person for two hours is too long to constitution a *Terry* stop, a type of police detention that is constitutionally permissible

without need for probable cause to arrest."). Plaintiff's unlawful seizure claim is therefore duplicative of his false arrest claim – "based largely on the same operative facts and alleged injury and also seek the same relief." *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014). Because both claims allege that Easter, Burnett, Cain, Miller, and Anthis unlawfully arrested Plaintiff without probable cause in violation of his Fourth Amendment rights, the unlawful seizure claim, Count 2, is unnecessary and is dismissed.

The Court finds that Plaintiff has sufficiently stated a claim for false arrest, and Count 3 will proceed against Easter, Burnett, Cain, Miller, and Anthis.

**Count 4**

Plaintiff asserts that Attorneys Dinn and Cockrum initiated and maintained criminal charges against him despite clear knowledge that the underlying search and arrest were conducted without probable cause. (Doc. 21, p. 9). Dinn and Cockrum, however, are "absolutely immune from civil suit under §1983 for initiating a prosecution and presenting the state's case." *Milbeck v. George,* 171 F.4 930, 939 (7th Cir. 2026) (citing *Kalina v. Fletcher,* 22 U.S.c 118, 125-126 (1997); *Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (prosecutorial immunity "shields prosecutors" even if they act without probable cause). Accordingly, Count 4 is dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that all claims against Franklin County, Illinois, Franklin County Board of Commissioners, and Unknown Officers and Agents are **DISMISSED**. The Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

**IT IS FURTHER ORDERED** that Counts 5-8 are **SEVERED** into a new case against Poole, Hall, and Urasky. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) The First Amended Complaint (Doc. 21);

(2) The Motion for Leave to Proceed *in forma pauperis* (Doc. 22)*;* and
(3) This Memorandum and Order.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action are Counts 1-4 against Easter, Burnett, Cain, Miller, Anthis, Dinn, and Cockrum** The Clerk of Court is **DIRECTED** to **TERMINATE** Hall, Urasky, and Poole as defendants.

**IT IS FURTHER ORDERED** that **COUNTS 1** and **3** will proceed against Easter, Cain, Miller, Burnett, and Anthis. **COUNTS 2** and **4** are **DISMISSED**. Because there are no surviving claims against Dinn and Cockrum, the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court shall prepare for Easter, Cain, Miller, Burnett, and Anthis: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**Pursuant to Local Rule 8.2(b), Defendants need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time an application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 19, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.